1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

E-FILED 6/4/18
TERM MOTION #20
6/11 HEARING OFF
JS-6

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **EDGAR BABAYAN**, an individual,<br><br>Plaintiff,<br><br>v.<br><br>**ALLEN YEGANIAN**, an individual; **HONEST CREAMS LLC**, a New York limited liability company; and **DOES 1 through 10**, inclusive,<br><br>Defendants. | Case No. 2:18-cv-00446-PSG-MRW<br><br><br>**[PROPOSED] ORDER GRANTING PLAINTIFF EDGAR BABAYAN'S MOTION FOR DEFAULT JUDGMENT AGAINST DEFENDANTS ALLEN YEGANIAN AND HONEST CREAMS LLC** |

Plaintiff Edgar Babayan ("Plaintiff")'s motion for default judgment against Defendants Allen Yeganian and Honest Creams LLC came on for regular hearing before this Court in Department 6A on June 11, 2018. Having reviewed and considered the motion and supporting documents, as well as the other related papers and pleadings on file herein, and finding good cause appearing, the Court hereby finds and orders as follows:

## BACKGROUND

In or around 2011, Plaintiff took three "before and after" photographs (the "Photos") of women's faces to show the effects of Plaintiff's face cream. (Compl. ¶12.) Plaintiff's Photos are original, creative works in which Plaintiff owns protectable copyright interests. (Compl. ¶¶13-14.)

Defendant Honest Creams is a New York limited liability company with offices and business in Los Angeles County, California. (Compl. ¶10.) Defendant Allen Yeganian is a principal of Honest Creams and oversees its operations. (Compl. ¶10.) Defendants own and operate the website <www.buyrevispa.com> (the "Infringing Site"), which was used to advertise and sell Honest Creams' skin care products, namely Revi Spa. (Compl. ¶¶17, 21.) In or after May 2016, Defendants copied the Photos without Plaintiff's knowledge or consent and displayed the Photos on their competing Infringing Site to promote and sell Revi Spa. (Compl. ¶¶4, 16-19.)

Defendants earned at least $1,910,963 in revenue from their sales of Revi Spa generated through the Infringing Site. (Declaration of Edgar Babayan in Support of Plaintiff's Motion for Default Judgment ("Babayan Decl.") ¶¶4-7 & Ex. A; Declaration of Peter J. Risi, Sr. in Support of Plaintiff's Motion for Default Judgment ("Risi Decl.") ¶¶4-6 & Ex. A.) In addition, Plaintiff has incurred $779 in costs in this action. (Declaration of Karl S. Kronenberger in Support of Plaintiffs' Motion for Default Judgment

("Kronenberger Decl.") ¶5 & Ex. A.)

Plaintiff filed the Complaint on January 18, 2018. [D.E. No. 1.] Default was entered against Honest Creams on February 21, 2018 and against Mr. Yeganian on March 14, 2018. [D.E. Nos. 13-14, 16, 18.]

## LEGAL STANDARD AND DISCUSSION

Federal Rule of Civil Procedure 55(b) allows the Court to enter a default judgment where the defaulting party has "failed to plead or otherwise defend," and the clerk has entered the party's default. *See Vogel v. Rite Aid Corp.*, 992 F. Supp. 2d 998, 1005 (C.D. Cal. 2014). "Once a party's default has been entered, the factual allegations of the complaint, except those concerning damages, are deemed to have been admitted by the non-responding party." *Id.*

**A.    This Court has jurisdiction to enter default judgment.**

This Court has subject matter jurisdiction over this suit pursuant to 28 U.S.C. §1338. Moreover, this Court has personal jurisdiction over Defendants, including due to Defendants' location and purposeful direction of misconduct at California residents. *See TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 915 (9th Cir. 1987).

**B.    The *Eitel* factors weigh in favor of granting default judgment.**

In this case, the factors under *Eitel v. McCool*, 782 F.2d 1470 (9th Cir. 1986) weigh in favor of granting default judgment against Defendants. First, Plaintiff will suffer prejudice, including lack of monetary remedy and injunctive relief, if default judgment is not granted. Second, Plaintiff has alleged a sufficient copyright infringement claim against Defendants pursuant to 17 U.S.C. §501, including because Plaintiff has demonstrated copyright ownership in the Photos and that Defendants cut and pasted the Photos to use on the competing Infringing Site. Third, while the amount at

**[PROP.] ORDER GRANTING PLA'S MTN. FOR DEFAULT JUDG. AGAINST DEFENDANTS**

1   stake ($1,910,963) is significant, it is directly tailored to Defendants'
2   misconduct. Fourth, there is no dispute between the parties regarding the
3   material facts at issue in this case. Fifth, Defendants were properly served
4   with process and there was no excusable neglect. Sixth, default judgment is
5   warranted, despite public policy favoring decisions on the merits.
6   Defendants have failed to participate in this suit.

7   In addition, Plaintiff is entitled to the requested damages, injunctive
8   relief, and costs for his copyright infringement claim. *See* 17 U.S.C. §504.

9   **C.    Plaintiff has demonstrated that Defendants earned wrongful**
10  **revenue of at least $1,910,963.**

11  To recover damages after securing a default judgment, a plaintiff must
12  prove the relief it seeks through testimony or written affidavit. *See Yelp Inc.*
13  *v. Catron*, 70 F. Supp. 3d 1082, 1100–01 (N.D. Cal. 2014). Pursuant to 17
14  U.S.C. §504(a), the defendant in a copyright action is liable for either: (1) the
15  copyright owner's actual damages and any additional profits of the infringer,
16  or (2) statutory damages. In establishing the infringer's profits, the copyright
17  owner is required to present proof only of the infringer's gross revenue. 17
18  U.S.C. §504(b); *see also Polar Bear Prods., Inc. v. Timex Corp.*, 384 F.3d
19  700, 711 n.8 (9th Cir. 2004), *as amended on denial of reh'g and reh'g en*
20  *banc,* No. 03-35188, 2004 WL 2376507 (9th Cir. Oct. 25, 2004) (defining
21  "gross revenue" as the "gross revenue associated with the infringement, as
22  opposed to the infringer's overall gross sales resulting from all streams of
23  revenue").

24  Here, Defendants have earned wrongful revenue of at least
25  $1,910,963. (Risi Decl. ¶¶4-6 & Ex. A; Babayan Decl. ¶¶4-7 & Ex. A.) More
26  specifically, at least 18,217 consumers purchased Defendant's Revi Spa
27  product through the Infringing Site displaying Plaintiff's Photos for $104.90.
28  (Risi Decl. ¶¶4-6 & Ex. A.)

**D.      Plaintiff is entitled to a permanent injunction against Defendants.**

Pursuant to 17 U.S.C. §502, this Court may grant a final injunction to prevent or restrain infringement of a copyright. In this case, Defendants copied Plaintiff's Photos knowingly and in violation of copyright laws to infringe on Plaintiff's proprietary content. Although the Infringing Site is temporarily down, Plaintiff understands that Defendants intend to repost the Infringing Site and/or create another site using the Photos to promote and sell their products. (Compl. ¶20.) Thus, a permanent injunction prohibiting infringement is warranted. *See* 17 U.S.C. §502.

**E.      Plaintiff is entitled to his costs.**

Plaintiff is entitled to recover the $779 he has incurred in costs in litigating this suit. *See* Fed. R. Civ. P. 54(d)(1); 17 U.S.C. §505. (Kronenberger Decl. ¶5 & Ex. A.)

**CONCLUSION**

For the foregoing reasons, the Court hereby grants Plaintiff's motion for default judgment against Defendants and orders as follows:

IT IS HEREBY ORDERED THAT Plaintiff's Motion for Default Judgment is GRANTED.

IT IS FURTHER ORDERED THAT final default judgment is entered against Defendants Allen Yeganian, an individual, and Honest Creams LLC, a New York limited liability company.

IT IS FURTHER ORDERED THAT all Doe Defendants are dismissed with prejudice.

IT IS FURTHER ORDERED THAT Defendants pay $1,910,963 to Plaintiff as damages.

IT IS FURTHER ORDERED THAT Defendants pay $779 to Plaintiff, as the prevailing party, as costs incurred in this action.

4

1    IT IS FURTHER ORDERED THAT Defendants are jointly and
2  severally liable for all damages and costs.

3

4    **IT IS SO ORDERED.**

5

6  DATED: _____6/4/18_____

PHILIP S. GUTIERREZ

7                                    Judge of United States District Court
8                                    for the Central District of California

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28